IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK J. ELLERBE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE MAYOR OF PHILADELPHIA, THE PRESIDENT OF CITY COUNCIL, THE MANAGING DIRECTOR, THE POLICE COMMISSIONER, THE SHERIFF (PHILA. COUNTY), THE INSPECTOR GENERAL (PHILA), THE DISTRICT ATTORNEY (PHILA) and PHILA. PRISON SYSTEM COMMISSIONER, All Defendants In Their Official and Individual Capacities | : | NO. 19-2716 |

| | | |
|---|---|---|
| DERRICK J. ELLERBE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES AND ITS AGENCIES and CITY OF PHILA. | : | NO. 19-2718 |

## MEMORANDUM

**Savage, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**July 3, 2019**

*Pro se* plaintiff Derrick J. Ellerbe, a frequent litigator in this court,[1] filed these two actions against numerous Philadelphia officials and the United States alleging civil rights violations. He also filed Motions for Leave to Proceed *In Forma Pauperis*. For the following reasons, we shall grant him leave to proceed *in forma pauperis* and dismiss his complaints as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because his claims are time barred and repetitive.

---

[1] *See Ellerbe v. The United States Government*, Civ. A. No. 14-5041, 2014 WL 4446128, at *2 (E.D. Pa. Sept. 5, 2014) (listing 18 cases brought by Ellerbe through the date of that opinion).

**FACTS**

In Civil Action 19-2716, Ellerbe sues numerous Philadelphia officials asserting that he was illegally followed and harassed since 2007, and then kidnapped and held captive between April 2, 2013 and October 4, 2013, when he was falsely imprisoned and held as "slave" in a state of "involuntary servitude."[2] He bases his claims on numerous federal criminal statutes, including statutes criminalizing civil rights conspiracies, obstruction of justice, peonage and slavery, and racketeering. He also cites the First, Fourth, Fifth, Thirteenth and Fourteenth Amendments.[3] He makes the same rambling allegations in Civil Action 19-2718 against the United States, its agencies, and the City of Philadelphia.

**STANDARD OF REVIEW**

The Complaint must be dismissed if, among other things, it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Because Ellerbe is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**DISCUSSION**

Ellerbe presumably brings his constitutional claims pursuant to 42 U.S.C. § 1983. Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

---

[2] Civ. A. No. 19-2716, (Document No. 2 at 5). The Court adopts the pagination supplied by the CM/ECF docketing system.
[3] *Id.* at 4.

2

> liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute of limitations for claims brought under § 1983 "is governed by the personal injury tort law of the state where the cause of action arose." *Kach v. Hose* 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Whether the statute of limitations has run turns on two issues: (1) the length of the period to commence legal action, and (2) the date on which the claim began to accrue. *Id.* In Pennsylvania, the length of the statute of limitations for a § 1983 claim is two years. *Id.*; 42 Pa. Cons. Stat. § 5524. Pennsylvania, however, employs the "discovery rule" that delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that she is injured and by what cause. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005). "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Because application of the statute of limitations is apparent on the face of the complaints, they will be dismissed as legally baseless. All activities underlying Ellerbe's claims occurred at least six years ago. His allegations make clear that he knew of the existence of his injury and what caused it — the allegedly illegal surveillance and servitude — at the time his injury occurred.

To the extent that Ellerbe cites federal criminal statutes as a basis for his claims, those claims are frivolous or malicious. Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F.

3

App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, Civ. A. No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), aff'd, 740 F. App'x 239, 240 (3d Cir. 2018) (per curiam); *Brown v. Progressive Specialty Ins. Co.*, Civ. A. No. 17-5409, 2017 WL 6210283, at *1 (E.D. Pa. Dec. 7, 2017) ("[F]ederal criminal statutes generally do not provide a basis for civil liability."), aff'd, No. 18-1005, 2019 WL 1422895 (3d Cir. Mar. 29, 2019).

Ellerbe specifically cites 18 U.S.C. §§ 241, 242 and 245. These sections establish criminal liability for certain deprivations of civil rights and for conspiracy to deprive civil rights. *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992); *see United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242). However, a plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections do not give rise to a civil cause of action. *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975). Ellerbe cites 18 U.S.C. § 371, which also does not provide for a private right of action. *See Walthour v. Herron*, Civ. A. No. 10-1495, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241, 242, 245, 247, 371 or 1951); *Jones v. Lockett*, Civ. A. No. 08-16, 2009 WL 2232812 at *8 (W.D. Pa. July 23, 2009) ("It is clear that the criminal statutes invoked by Plaintiff, i.e., 18 U.S.C. §§ 241, 371 and 1341 do not provide for a private cause of action.") Ellerbe also cites several criminal statutes concerning obstruction of justice. None of them provide a private cause of action. *See Gage v. Wells Fargo Bank, N.A., AS*, 555 F. App'x 148 (3d Cir. 2014) (holding that 18 U.S.C. §§ 1505, 1510 do not

4

confer a private right of action); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.), aff'd, 350 F. App'x 605 (3d Cir. 2009) (holding that 18 U.S.C. §§ 1506, 1512, and 1513 do not confer a private right of action).

One of the statutes Ellerbe cites, a section of the Racketeer Influenced and Corrupt Organization act, 18 U.S.C. § 1964, does provide a private cause of action. "[A] plaintiff may sue under § 1964(c) only if the alleged RICO violation was the proximate cause of the plaintiff's injury." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006). To advance a civil claim under RICO, plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)). A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes. *Id.*; 18 U.S.C. § 1961(1), (5). To the extent that Ellerbe asserts a RICO claim, it must be dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because an identical claim had been previously dismissed. *See Ellerbe v. U.S. Fed. Governemnt Officials, Officers, Agents, & Employees*, Civ. A. No.17-1475, 2017 WL 1324898, at *2 (E.D. Pa. Apr. 6, 2017) ("Nothing in the complaint provides a plausible for concluding that Ellerbe suffered a non-speculative injury to business or property that would give him standing to raise a RICO claim.")

Another group of statutes Ellerbe cites, 18 U.S.C. §§ 1581, 1583, 1584, 1593, and 1594, provide a civil remedy for one who has been held in slavery. However, this claim is patently frivolous since publicly available records show that Ellerbe's claim of being held a slave in a state of involuntary servitude from April 2, 2013 to October 4, 2013 derives from his custodial sentence for a contempt conviction. *See Commonwealth v.*

5

*Ellerbe*, MC-51-CR-12725-2013 (Phila. Mun. Ct.). The claim is also malicious because it was previously raised by Ellerbe and dismissed in Civil Action No. 14-5041.

**CONCLUSION**

For these reasons, we shall grant Ellerbe leave to proceed *in forma pauperis* and dismiss both complaints with prejudice.

/s/ TIMOTHY J. SAVAGE J.